UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ENRIQUETA MERA,

        Plaintiffs,

        07CV_____

     -against-                   COMPLAINT

BERTHA SANTIAGO, Individually and as the Prospective
Fiduciary of the Estate of LUIS SANTIAGO, Deceased,

        Defendant.
------------------------------------------------------------------X

        Plaintiff ENRIQUETA MERA, as and for her complaint against the defendant, BERTHA SANTIAGO, in each of the capacities above captioned, alleges as follows upon information and belief:

### NATURE OF THE ACTION

        1. This is an action for personal injury sustained in a fire which was caused by the negligence of the decedent.

### JURISDICTION AND VENUE

        2. This Court's jurisdiction is founded upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(2), insofar as the plaintiff is a citizen of a foreign state and the defendant is a citizen of the State of New York.

        3. The amount in controversy, exclusive of interest and costs, exceeds ($75,000.00) seventy five thousand dollars.

4. Venue is proper pursuant to 28 U.S.C. § 391(b) in that the action is brought in the judicial district in which a substantial part of the events giving rise to the claim occurred.

## THE PARTIES

5. Plaintiff is an individual who is currently residing at 205 West 103rd Street, Apt 6F, New York, New York 10025, and is a citizen of the sovereign nation of Ecuador for purposes of diversity jurisdiction.

6. The defendant BERTHA SANTIAGO is a citizen of the State of New York, and is an individual residing at 602 Baker Avenue, Bronx, New York, and is a citizen of the State of New York for purposes of diversity jurisdiction.

7. LUIS SANTIAGO, (hereinafter referred to as "THE DECEDENT"), died on June 22, 2006.

8. At the time of his death, decedent was an individual who resided at 602 Baker Avenue, Bronx, New York 10460.

9. Upon information and belief, the decedent died intestate.

10. Upon information and belief, the defendant BERTHA SANTIAGO has received or applied for letters of administration of the estate of the said decedent.

11. Upon information and belief, the decedent left a last will and testament.

12. Upon information and belief, the defendant BERTHA SANTIAGO was named as his Executrix in the decedent's last will and testament.

13. Upon information and belief, a last will and testament of the decedent has been admitted to probate, and defendant BERTHA SANTIAGO has been named as the Executrix therein.

14. In the event that no estate has, as yet, been formed to administer the goods, chattels, and credits which were of the said decedent, the plaintiff will commence a proceeding to do so before the Surrogate of Bronx County.

### FACTUAL ALLEGATIONS

15.  On June 22, 2006, (hereinafter referred to as "THE DATE OF OCCURRENCE"), the defendant BERTHA SANTIAGO was an owner of that certain real property known as 1775 Taylor Avenue, Bronx, New York, (hereinafter referred to as 'THE PREMISES").

16.  On the date of occurrence, the decedent was an owner of the premises.

17.  On the date of occurrence, the defendant BERTHA SANTIAGO

and the decedent were husband and wife.

18. On the date of occurrence, the building located at the premises was a multiple dwelling as that term is defined in § 4 subd. (7) of the Multiple Dwelling Law, was situated upon the premises.

19. On the date of occurrence, the plaintiff was a tenant upon the premises.

20. On the date of occurrence, the defendant and her decedent, and each of them, had a duty to exercise reasonable care for the safety of persons on the premises, and to maintain the premises free of hazards.

21. At all times herein pertinent, the decedent was in the course of acting as an agent of the defendant BERTHA SANTIAGO, in performing various tasks which were both necessary and incidental to the maintenance of the premises for residential rental, from which she derived a direct or indirect economic benefit.

22. On the date of occurrence, while applying polyurethane to the floor of an apartment at the premises in unreasonably close proximity to a gas stove, the decedent neglected and failed to extinguish the pilot light.

23. As a result of the foregoing, as and a result of other negligent, reckless and careless acts of the decedent, the polyurethane was ignited, which caused the premises to be engulfed in flames.

24. As a result of the foregoing, the plaintiff was caused, suffered, permitted and allowed to sustain serious physical injury, including, but not limited to third degree burns on both lower extremities requiring skin grafting, permanent disfiguring scarring, and was otherwise injured and damaged.

25. The occurrence and injury aforesaid resulted from the negligence, careless, and recklessness of the defendant and her decedent, and each of them, and was the proximate result of accident herein complained of.

26. By reason of the foregoing, plaintiff was severely injured and damaged, and sustained injuries and has been rendered unable to perform her usual and customary activities, both vocational and avocational, with the same degree of efficiency as she could before this occurrence, all of which injuries are believed to be permanent in nature and duration, and will be caused to suffer pain, inconvenience and other effects of such injuries, all of which injuries are believed to be permanent in nature and duration; the plaintiff has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, all to her great damage.

**WHEREFORE**, the plaintiff demands judgment awarding damages in the amount of TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) Dollars, as against the defendant BERTHA SANTIAGO, individually, and as the fiduciary of the Estate of LUIS SANTIAGO, deceased, or as against any other individual or entity who may be so named or designated in the future, together with such other and further relief

as to this Court seems just and proper.

Dated: Jackson Heights, New York
      June 12, 2007

_____
WILLIAM CAFARO (WC 2730)
Attorney for Plaintiff
ENRIQUETA MERA
37-31 76th Street 3rd Floor
Jackson Heights, New York 11372
(718) 457-7900
File No. 80330

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENRIQUETA MERA,
                        Plaintiff,

   -against-

BERTHA SANTIAGO, Individually and as the Prospective Fiduciary of the Estat of LUIS SANTIAGO, Deceased,
                        Defendant.

---

### CIVIL COVER SHEET, and SUMMONS AND COMPLAINT

---

**LAW OFFICES OF WILLIAM CAFARO**
Attorneys for Plaintiff
37-31 76th St., 3rd Fl.
Jackson Heights, New York 11372
(718) 457-7900