LSK&D #: 999-MERA / 920386
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ENRIQUETA MERA,

                           Plaintiff,

          -against-

BERTHA SANTIAGO, Individually and as the
Prospective Fiduciary of the Estate of LUIS
SANTIAGO, Deceased,

                           Defendant.
------------------------------------------------------------x

Index No.: 07 CV 6069

**ANSWER**

**Jury Trial Demanded**

Hon. Shira A. Scheindlin

      Defendant, BERTHA SANTIAGO, Individually and as the Prospective Fiduciary of the Estate of LUIS SANTIAGO, Deceased by her attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering plaintiffs' complaint dated June 12, 2007 respectfully states as follows:

### NATURE OF ACTION

    **FIRST.** Denies each and every allegation contained in paragraph "First" of the Complaint.

### JURISDICTION AND VENUE

    **SECOND.** Denies each and every allegation contained in paragraph "Second" of the Complaint.

    **THIRD.** Denies each and every allegation contained in paragraph "Third" of the Complaint.

    **FOURTH.** Denies each and every allegation contained in paragraph "Fourth" of the Complaint.

## THE PARTIES

**FIFTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Fifth" of the Complaint.

**SIXTH.** Denies each and every allegation contained in paragraph "Sixth" of the Complaint.

**SEVENTH.** Admits the allegations contained in paragraph "Seventh" of the Complaint.

**EIGHTH.** Denies each and every allegation contained in paragraph "Eighth" of the Complaint.

**NINTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Ninth" of the Complaint.

**TENTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Tenth" of the Complaint.

**ELEVENTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Eleventh" of the Complaint.

**TWELFTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Twelfth" of the Complaint.

**THIRTEENTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Thirteenth" of the Complaint.

**FOURTEENTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Fourteenth" of the Complaint.

## FACTUAL ALLEGATIONS

**FIFTEENTH.** Denies each and every allegation contained in paragraph "Fifteenth" of the Complaint, except admits that the decedent had an ownership interest in the property located at 1775 Taylor Avenue, Bronx, New York.

**SIXTEENTH.** Denies each and every allegation contained in paragraph "Sixteenth" of the Complaint, except admits that the decedent had an ownership interest in the property located at 1775 Taylor Avenue, Bronx, New York.

**SEVENTEENTH.** Admits the allegations contained in paragraph "Seventeenth" of the Complaint.

**EIGHTEENTH.** Denies each and every allegation contained in paragraph "Eighteenth" of the Complaint and refers all questions of law, fact and/or conclusions raised therein to the Trial Court.

**NINETEENTH.** Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "Nineteenth" of the Complaint.

**TWENTIETH.** Denies each and every allegation contained in paragraph "Twentieth" of the Complaint and refers all questions of law, fact and/or conclusions raised therein to the Trial Court.

**TWENTY-FIRST.** Denies each and every allegation contained in paragraph "Twenty-First" of the Complaint.

**TWENTY-SECOND.** Denies each and every allegation contained in paragraph "Twenty-Second" of the Complaint.

**TWENTY-THIRD.** Denies each and every allegation contained in paragraph "Twenty-Third" of the Complaint.

**TWENTY-FOURTH.** Denies each and every allegation contained in paragraph "Twenty-Fourth" of the Complaint.

**TWENTY-FIFTH.** Denies each and every allegation contained in paragraph "Twenty-Fifth" of the Complaint.

**TWENTY-SIXTH.** Denies each and every allegation contained in paragraph "Twenty-Sixth" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**TWENTY-SEVENTH.** The liability of this defendant, if any, to the plaintiff(s) for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff(s) could have obtained personal jurisdiction with due diligence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**TWENTY-EIGHTH.** That by entering into the activity in which each plaintiff was engaged at the time of the occurrence set forth in the Verified Complaint, each plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Verified Complaint arose from and were caused by

reason of such risks voluntarily undertaken by plaintiff in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**TWENTY-NINTH.** In the event plaintiff(s) recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff(s), in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**THIRTIETH.** That any injuries and/or damages sustained by the plaintiff, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**THIRTY-FIRST.** That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**THIRTY-SECOND.** Plaintiff has failed to join a necessary and indispensable parties in some or all of the causes of action who would be responsible for the damages alleged in plaintiff's Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**THIRTY-THIRD.** The verified complaint of the plaintiff fails to state a cause of action cognizable in law or equity against this answering defendant and the complaint must therefore be dismissed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**THIRTY-FOURTH.** That the liability of this answering defendant, if any, is limited to the percentage of culpability found against them by virtue of the fault of the other parties (both named and unnamed) and in accordance with the laws of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**THIRTY-FIFTH.** That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**THIRTY-SIXTH.** If plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than this defendant, over whom they had no control, or by the superseding interventions of causes outside of their control.

**WHEREFORE,** this answering defendant demands judgment dismissing the complaint, together with the attorneys' fees, costs and disbursements of this action.

Dated:   New York, New York
         September 19, 2007

Yours, etc.

LESTER SCHWAB KATZ & DWYER, LLP


_____/S/_____
Noah Katz (6339)
Attorneys for Defendant
BERTHA SANTIAGO, Individually and as the
Prospective Fiduciary of the Estate of LUIS
SANTIAGO, Deceased
120 Broadway
New York, New York  10271
(212) 964-6611

TO:

William Cafaro, Esq. (WC 2730)
LAW OFFICES OF WILLIAM CAFARO
37-31 76th Street, 3rd Floor
Jackson Heights, NY 11372
(718) 457-7900

Declaration of Service
---

I served the annexed **ANSWER** and **FEDERAL SDNY STATEMENT PURSUANT TO FED. R. CIV. P. 7.1** by first-class mail on the following persons on September 19, 2007:

> William Cafaro, Esq. (WC 2730)
> LAW OFFICES OF WILLIAM CAFARO
> 37-31 76th Street, 3rd Floor
> Jackson Heights, NY 11372
> (718) 457-7900

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 19, 2007.

_____/s/_____
STACY STANFORD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ENRIQUETA MERA,

                        Plaintiff,

         -against-

BERTHA SANTIAGO, Individually and as the
Prospective Fiduciary of the Estate of LUIS
SANTIAGO, Deceased,

                       Defendant.
-----------------------------------------------------------X

**Index No.: 07 CV 6069**

**ANSWER**

**Jury Trial Demanded**

Hon. Shira A. Scheindlin

LESTER SCHWAB KATZ & DWYER, LLP

ATTORNEYS FOR    Defendant
BERTHA SANTIAGO, INDIVIDUALLY AND
AS THE PROSPECTIVE FIDUCIARY OF THE
ESTATE OF LUIS SANTIAGO, DECEASED

120 BROADWAY
NEW YORK, N.Y. 10271-0071
(212) 964-6611
FAX: (212) 267-5916